**Willis Boyd ANNIS, III,**
**Plaintiff–Appellant,**

v.

**State of VERMONT PROSECUTORS,**
**Federal Prosecutors State of Vermont, Defendants–Appellees.**

**No. 13–3247–cv.**

United States Court of Appeals,
Second Circuit.

May 28, 2014.

Willis Boyd Annis, III, Burlington, VT, pro se.

No Appearance.

Present: ROBERT D. SACK, REENA RAGGI, and DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 27, 2013, is AFFIRMED.

Plaintiff Willis Boyd Annis, III, proceeding *pro se*, appeals from the *sua sponte* dismissal of his amended complaint and denial of further leave to amend. We assume familiarity with the facts and underlying proceedings, which we reference only as necessary to explain our decision to affirm.

We review *de novo* a district court's *sua sponte* dismissal of a complaint. *See Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). Upon such review, we conclude, substantially for the reasons stated by the district court, that Annis's complaint about defendants' failure to prosecute persons tracking his thoughts through a mind-reading device "lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). It was therefore properly dismissed *sua sponte* under *Neitzke v. Williams.* Even when read with the "special solicitude" due *pro se* pleadings, *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks omitted), Annis's allegations cannot support a plausible claim for relief in light of established precedent, *see Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (approving dismissal of complaint based on "irrational or wholly incredible" allegations); *accord Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998) (explaining that dismissal is proper where complaint's factual allegations are the "product of delusion or fanta-

**10**

sy" (internal quotation marks omitted)). In addition, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Moreover, because there is no reason to think that a valid claim might be stated, the district court's denial of further leave to amend was appropriate. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000).

We have considered Annis's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.